**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| STEVEN J. BANK,                              )<br>                                                           )<br>                          Plaintiff,        )<br>                                                           )<br>vs.                                                       )<br>                                                           )<br>NEVADA SUPREME COURT, et al.,    )<br>                                                           )<br>                          Defendants.  )<br>_____)  | Case No. 2:14-cv-01482-MMD-NJK<br><br>ORDER AND<br>REPORT AND RECOMMENDATION |

This matter comes to the Court on the failure of Plaintiff to update his address with the Court. For the reasons stated below, the Court DENIES Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket No. 1) and **RECOMMENDS** that Plaintiff's claims be **DISMISSED** with prejudice pursuant to Local Special Rule 2-2.

**I.     BRIEF OVERVIEW**

Plaintiff filed a Motion/Application for Leave to Proceed *In Forma Pauperis* on September 12, 2014. Docket No. 1. On October 21, 2014, the Court ordered Plaintiff's Application sealed because it contains improper confidential information. Docket No. 4. The Court ordered Plaintiff to file a properly redacted Application in compliance with Federal Rule of Civil Procedure 5.2 no later than November 4, 2014, and warned Plaintiff that failure to do so would result in a denial of his Application to proceed *In Forma Pauperis*. *Id*., at 2.

The Clerk's office mailed notice of the Court's Order to Plaintiff at his address as listed on the docket. *See* Docket No. 5 (Notice of Electronic Filing, showing service on Plaintiff Steven J. Bank by mail). That notice was returned as undeliverable, however, with an indication that the address was vacant and the Post Office was unable to forward. *Id*. The Clerk's Office remailed the Order, and

1  updated Plaintiff's address on the docket, to an address he used in the motion he filed at Docket No. 3.
2  *See* Docket No. 5. That notice, too, was returned as undeliverable, with an indication that the Post
3  Office attempted service and was unable to forward. Docket No. 6. Plaintiff has not filed a notice with
4  the Court providing his current address.

5        On November 17, 2014, the Court issued an order to show cause why the Court should not
6  recommend dismissal of Plaintiff's complaint, with prejudice, in light of his failure to update his
7  address. Docket No. 7. The order to show cause required Plaintiff to file a response no later than
8  December 1, 2014. *Id.* The Clerk's Office mailed notice of this Order to Plaintiff at his last-known
9  address. *See* Docket No. 7 (Notice of Electronic Filing, showing service on Plaintiff Steven J. Bank by
10 mail). To date, that notice has not been returned as undeliverable. *See* Docket. Plaintiff has not filed
11 a response to the order to show cause, nor has he sought an extension of time by which to do so.

12 **II.    ANALYSIS**

13       Parties are required to keep the court apprised of any changes in their mailing address. *See*
14 Docket No. 21, and Local Special Rule 2-2. Since mail has been returned to the Court as undeliverable,
15 *see* Docket Nos. 5 and 6, it appears that Plaintiff has changed addresses but has not apprised the Court
16 of his new address.

17       Additionally, Plaintiff violated the Court's order that he show cause in writing why the Court
18 should not recommend dismissal. *See* Docket No. 7. Plaintiff was required to file his response no later
19 than December 1, 2014, but he failed to file a response or request a continuance of the deadline by which
20 he was required to file a response.

21       Plaintiff's failure to update his address and violation of the Court's order to show cause are
22 abusive litigation practices that have interfered with the Court's ability to hear this case, delayed
23 litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and
24 threatened the integrity of the Court's orders and the orderly administration of justice. Sanctions less
25 drastic than dismissal are unavailable because Plaintiff has continuously refused to comply with the rules
26 and orders of this Court notwithstanding the Court's warning that dismissal sanctions may be imposed
27 for such conduct.
28 . . . .

1    Accordingly, in light of the circumstances outlined above, the Court **ORDERS** that Plaintiff's
2 Application for Leave to Proceed *In Forma Pauperis* is **DENIED**.
3    Additionally, the Court **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** with
4 prejudice.

### NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

IT IS SO ORDERED.

DATED: December 5, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge